In re BAXTER INTERNATIONAL, INC.
SHAREHOLDERS LITIGATION.

Civ. A. No. 13130.

Court of Chancery of Delaware,
New Castle County.

Argued: Feb. 1, 1995.
Decided: March 7, 1995.

Joseph A. Rosenthal and Norman M. Monhait, of Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington, Steven G. Schulman, of Milberg Weiss Bershad Hynes & Lerach, New York City, Robert M. Roseman and Debra M. Kahn, of Spector & Roseman, P.C., Philadelphia, PA, and Marvin A. Miller, of Miller Faucher Chertow Cafferty & Wexler, Chicago, IL, for plaintiffs.

Jesse A. Finkelstein, of Richards, Layton & Finger, Wilmington, David F. Graham and Roger F. Lewis, of Sidley & Austin, Chicago, IL, for defendant Baxter Intern., Inc.

Rodman Ward, Jr. and John G. Day, of Skadden, Arps, Slate, Meagher & Flom, Wilmington, for the individual defendants.

## MEMORANDUM OPINION

BALICK, Vice Chancellor.

These are consolidated stockholder derivative actions. Defendants move to dismiss for failure to plead with particularity reasons for not demanding action by the directors, as required by Rule 23.1.

I

The identical complaints were filed following the public announcement of allegations of wrongdoing by Baxter International, Inc. ("Baxter"). The complaint names eighteen individual defendants. Of the seventeen directors, two are current officers and one is a former officer. The remaining defendant is an officer but not a director.

The following is a summary of the factual allegations in the complaint: Baxter, a major seller of medical supplies with more than 61,300 employees, agreed to provide products at preferred prices to the Veterans Administration ("VA"). Beginning in 1990, Baxter employees embarked on a scheme to systematically overcharge the VA. The scheme was effectuated by a memo circulated to Baxter sales representatives, regional managers, and zone vice-presidents urging them to appear "to play the procurement game." The Department of Veterans Affairs began investigating allegations that Baxter sales repre-

sentatives were providing false information to VA purchasing agents. In February 1991, the VA Inspector General's Office informed Baxter of the investigation. In March 1991, VA and Baxter officials met to discuss the charges. In April 1991, Baxter sent a letter informing the VA that corrective measures had been taken. In June 1992, the VA discovered that the practice was continuing. In August 1993, the VA announced that it proposed to suspend Baxter from receiving any new government contracts and to debar the two defendants who are officers as well as directors from competing for or being awarded government contracts.

The complaint alleges that defendants violated their fiduciary duty to exercise reasonable care in the oversight and supervision of Baxter's corporate affairs and management as follows:

> Defendants knew, were reckless or grossly negligent in causing or failing to prevent Baxter sales representatives from misrepresenting to VA purchasing agents that many products were available at a preferred price under an existing contract, when, in fact, they were not; or they knowingly, recklessly or with gross negligence failed to ascertain and avert such misconduct. Defendants thereby caused or permitted violations of federal rules and regulations.

The complaint also alleges that three defendants received excessive compensation. However, plaintiffs point out that this allegation is not meant to be an independent claim of corporate waste. Rather, plaintiffs will seek as part of the remedy that those defendants be required to return compensation received while they were violating their fiduciary duties.

The complaint alleges that demand on the directors would be futile for three reasons: the directors are liable for breach of their fiduciary duties, they are biased toward one another as a result of business and personal relationships, and the officers received higher compensation as a result of the wrongful conduct. Defendants persuasively argue that the allegations going to the latter two reasons are insufficient and, moreover, do not apply to a majority of the board. *Aron-son v. Lewis,* Del.Supr., 473 A.2d 805, 815 n. 8 (1984). Plaintiffs have not answered these arguments and, in effect, concede the point by arguing only that the risk of liability disables the directors from responding to a demand fairly. I will therefore limit my discussion to that issue.

## II

The Supreme Court has recently adapted the standard for determining whether demand is excused to cases involving claims that do not challenge directors' exercise of business judgment. *Rales v. Blasband,* Del.Supr., 634 A.2d 927 (1993). For example,

> where directors are sued derivatively because they have failed to do something (such as a failure to oversee subordinates), demand should not be excused automatically in the absence of allegations demonstrating why the board is incapable of considering a demand. Indeed, requiring demand in such circumstances is consistent with the board's managerial prerogatives because it permits the board to have the opportunity to take action where it has not previously considered doing so.

*Id.* at 934 n. 9.

In such a situation, it is appropriate to examine

> whether the board that would be addressing the demand can impartially consider its merits without being influenced by improper considerations. Thus, a court must determine whether or not the particularized factual allegations of a derivative stockholder complaint create a reasonable doubt that, as of the time the complaint is filed, the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand. If the derivative plaintiff satisfies this burden, then demand will be excused as futile.

*Id.* at 934.

Directors who are sued for failure to oversee subordinates have a disabling interest when "the potential for liability is not 'a mere threat' but instead may rise to 'a substantial likelihood.'" *Id.* at 936.

## III

■ Defendants argue that there is not a substantial likelihood of liability because the certificate of incorporation exempts directors from liability for the conduct alleged in the complaint. The court may take judicial notice of the certificate in deciding a motion to dismiss. *In Re Wheelabrator Technologies Inc. Shareholders Litigation,* Del.Ch., C.A. No. 11495, Jacobs, V.C., 1992 WL 212595 (Sept. 1, 1992). Baxter has supplied the court with a certified copy of its restated certificate of incorporation, filed with the Secretary of State on April 16, 1992. The certificate includes the following provision:

> To the fullest extent permitted by the General Corporation Law of Delaware as the same exists or may hereafter be amended, a director of the corporation shall not be liable to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director.

The General Corporation Law provides that a certificate of incorporation may contain a provision

> eliminating or limiting the personal liability of a director to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, provided that such provision shall not eliminate or limit the liability of a director: (i) For any breach of the director's duty of loyalty to the corporation or its stockholders; (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law; (iii) under § 174 of this title; or (iv) for any transaction from which the director derived an improper personal benefit. No such provision shall eliminate or limit the liability of a director for any act or omission occurring prior to the date when such provision becomes effective....

8 *Del.C.* § 102(b)(7).

Since a plaintiff must plead with particularity reasons why demand should be excused, when a reason is that the directors are disabled by the risk of liability, the claim for relief against the directors must also be pled with particularity. Although a short and plain statement showing that the pleader is entitled to relief is normally sufficient to state a claim, it does not satisfy the requirement of pleading more than a mere threat of liability. The court could not conclude that there is a substantial likelihood of liability from the face of a complaint unless the claim is pled with sufficient particularity to permit the court to reasonably reach the required conclusion.

When the certificate of incorporation exempts directors from liability, the risk of liability does not disable them from considering a demand fairly unless particularized pleading permits the court to conclude that there is a substantial likelihood that their conduct falls outside the exemption. Plaintiffs claim that the directors failed to prevent employee conduct that caused the corporation to be suspended from receiving new government contracts. However, the complaint does not claim bad faith, intentional misconduct, knowing violation of law, or any other conduct for which the directors may be liable. *Cf. Kahn v. Roberts,* Del.Ch., C.A. No. 12,324, Hartnett, V.C., 1994 WL 70118 (Feb. 28, 1994), Mem.Op. at 19; *Freedman v. Citicorp,* No. 24708/92, (N.Y.Sup.Ct. May 17, 1993), Slip Op. at 8, *aff'd,* 202 A.D.2d 197, 609 N.Y.S.2d 777 (1994). Since the complaint alleges that the employees embarked on their scheme in 1990, the question becomes whether there is a substantial likelihood of liability for conduct occurring before the effective date of the restated certificate of incorporation, April 16, 1992. 8 *Del.C.* § 103(d).

In *Graham v. Allis–Chalmers Manufacturing Company,* Del.Supr., 188 A.2d 125 (1963), the directors of a large corporation were charged with failing to prevent employees from violating anti-trust laws. The court pointed out that "directors are entitled to rely on the honesty and integrity of their subordinates until something occurs to put them on suspicion that something is wrong." *Id.* at 130. The court stated that a director may not be liable for failure to prevent employee wrongdoing unless the director ignores "obvious danger signs of employee wrongdoing." *Id.* at 130. Plaintiff has not pled with particularity that the directors ignored obvious danger signs of employee

wrongdoing. Rather, plaintiff's claim is premised on a presumption that employee wrongdoing would not occur if directors performed their duty properly. Plaintiffs' position is inconsistent with *Graham*.

Plaintiffs cite *Miller v. Schreyer*, 200 A.D.2d 492, 606 N.Y.S.2d 642 (1994), in support of their position. In *Schreyer*, the plaintiff claimed that the directors failed to prevent employees from pursuing an illegal securities scheme. The court ruled that the complaint adequately pled reasons why demand should be excused. However, the court did not use the standard stated in *Rales*. Applying Delaware law before *Rales*, the court in *Schreyer* did not require a substantial likelihood of liability, but rather ruled that no demand is necessary if the complaint alleges "acts for which a majority of the directors may be liable...." *Schreyer*, 606 N.Y.S.2d at 644. *Schreyer* is also factually distinguishable from this case. The court in *Schreyer* accepted the plaintiff's allegation that the magnitude of the transactions, the long duration of the practice, and the means by which the scheme was carried out were "circumstances that should have come to the attention of senior managerial supervisors and arouse suspicion at the highest levels of the corporation." *Id.* at 643. Thus, the court in effect concluded that there were obvious danger signs of employee wrongdoing.

The claim of director culpability in this case is conclusory. The complaint does not include anything specific about the alleged scheme suggesting that the directors must have known of it. Assuming that the directors were aware of the VA's investigation, without a specific allegation to that effect, the last event alleged before the proposed suspension was the letter of April 1991 stating that corrective measures had been taken. Assuming, further, that the improper practice continued, without an allegation that wrongdoing was admitted or proven, the complaint does not plead with particularity what obvious danger signs were ignored or what additional measures the directors should have taken. I cannot conclude from the face of the complaint that this is a rare case where the circumstances are so egregious that there is a substantial likelihood of liability. *Aronson*, 473 A.2d at 815.

## ORDER

For the reasons stated in the memorandum opinion filed with this order, it is ordered that defendants' motion to dismiss for failure to comply with Rule 23.1 is granted.