COURT OF CHANCERY
OF THE
STATE OF DELAWARE

MORGAN T. ZURN
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Final Report:  June 8, 2017
Date Submitted:  May 31, 2017

Donald G. Walker
Law Offices of Donald G. Walker
99 Elm Avenue
Larkspur, CA 94939
legalfirm@pacbell.net

Phillip A. Giordano
Gordon, Fournaris & Mammarella
1925 Lovering Avenue
Wilmington, DE 19801

>    Re:    *Donald Walker v. Cabo Verde Capital, Inc.*
>            C.A. No. 11696-MZ

Dear Counsel and Mr. Walker:

Pending before me is a motion to dismiss a petition for books and records of a corporation.  For the reasons that follow, I recommend the Court grant the motion.  This is my final report.

Plaintiff Donald Walker holds stock in Cabo Verde Capital Inc. ("the Company").  Walker sent the Company a demand letter pursuant to 8 *Del. C.* § 220 on October 29, 2015, at which time the Company was incorporated in Delaware.  I will refer to the Company in its Delaware form as "Cabo Delaware."  Cabo

Delaware merged into Cabo Verde Capital, Inc., a Nevada corporation ("Cabo Nevada"), effective November 6, 2015, upon the filing of a Certificate of Merger with the Delaware Secretary of State.[1]  Cabo Delaware ceased to exist as of November 6, 2015.

On November 10, 2015, four days after the merger, Walker filed a *pro se* complaint to compel the inspection of Cabo Delaware's books and records for the purpose of determining the value of Walker's stock.[2]  Walker attempted to serve Cabo Delaware's former registered agent on November 19, 2015, and served the Company via the Delaware Secretary of State on May 5, 2017.[3]

The Company, in its only existent form of Cabo Nevada, moved to dismiss on September 10, 2016, and renewed that motion in part on May 31, 2017, after Walker served the Company.  Cabo Nevada asserts Walker's complaint should be

---

[1] Def's Br. Exs. A, B.

[2] Docket Item 1, ¶ 2 ("At all times relevant to this action, the Company was and is a Delaware corporation.").

[3] Docket Item 9.  Walker filed an affidavit of service stating he had served Cabo Delaware via its former registered agent, and represented to the Court in January and April 2016 that he had done so.  Docket Items 11, 15.  Cabo Nevada sought dismissal for insufficiency of service.  In an April 5, 2017, teleconference, Walker admitted that his attempted service of Cabo Delaware's former registered agent, both personally and by mail, was returned to him.  Walker explained that he believes the merger was invalid, so his attempts to serve Cabo Delaware should have been successful because Cabo Delaware should still exist.  Walker indicated he was not inclined to serve the Company by serving the Secretary of State pursuant to 8 *Del. C.* § 252(d), because doing so might waive his argument that the merger was invalid.  I instructed Walker that if he was going to serve the Secretary of State, he should do so within thirty days or risk dismissal.  Walker effected service via Section 252(d) on May 5, 2017.  Cabo Nevada withdrew its motion to dismiss for insufficiency of service.

dismissed for lack of standing because Walker was not a stockholder of Cabo Delaware when he filed his complaint, due to the merger. The parties briefed Cabo Nevada's motion, and I held a teleconference with Walker and Cabo Nevada on April 5, 2017.

The issue of whether Walker has standing to bring this action is jurisdictional.[4] A party seeking to invoke the jurisdiction of a court bears the burden of establishing standing to sue.[5] The Court may take judicial notice of documents on file with the Secretary of State at the motion to dismiss stage.[6]

Though Walker has asserted in connection with the motion to dismiss that the merger was invalid, I presume it is valid for purposes of this Section 220 action. "The scope and purpose of a Section 220 proceeding is narrow."[7] This Court has declined to enlarge the scope of a Section 220 proceeding to determine the validity of an underlying merger, assuming instead that the merger was valid.[8] Walker did not attack or question the merger in his Complaint. To the contrary, he admitted in a January 14, 2016, status letter to the Court that "the Defendant moved its offices out of Delaware and merged itself into a Nevada subsidiary."[9]

---

4 *IBM Corp. v. Comdisco, Inc.,* 602 A.2d 74, 77 n.5 (Del. Ch. 1991).
5 *Dover Historical Soc'y v. City of Dover Planning Comm'n,* 838 A.2d 1103, 1109 (Del. 2003).
6 *In re Baxter Int'l, Inc. S'holders Litig.,* 654 A.2d 1268, 1270 (Del. Ch. 1995).
7 *Cutlip v. CBA Int'l, Inc.*, 1995 WL 694422, at *1 (Del. Ch. Oct. 27, 1995) (citing cases).
8 *Id.* at *2, *2 n.2, *3.
9 Docket Item 11.

Accordingly, "I do not, and need not, consider the purpose, legality or timing of the merger."[10]

Cabo Nevada's November 6, 2015, certificate of merger provides that Cabo Delaware merged into Cabo Nevada effective as of the date of filing, and that Cabo Nevada was the surviving corporation. Walker held stock in Cabo Delaware when he sent his demand letter on October 29, 2015, but did not when he filed his complaint on November 10, 2015, due to the intervening merger.

Vice Chancellor Glasscock recently resolved the precise standing issue before me:

> Must a plaintiff seeking corporate records under Section 220 of the Delaware General Corporation Law be a stockholder at the time she files her complaint, in order to have standing to pursue the action? If a stockholder makes a proper demand under Section 220, and a merger thereafter terminates the stockholder's ownership interest in the corporation, does the now-former stockholder have standing to bring a complaint for corporate records?[11]

In *Weingarten*, the plaintiff held stock in the defendant company prior to the merger, but the merger cancelled that plaintiff's stock and converted it into the right to receive cash.[12] As in this case, the plaintiff sent a demand letter before the

---

10 *See Cutlip*, 1995 WL 694422 at *3.
11 *Weingarten v. Monster Worldwide, Inc.*, 2017 WL 752179, at *1 (Del. Ch. Feb. 27, 2017).
12 *Id.*

merger was consummated and filed suit afterwards. The defendant argued the

complaint should be dismissed for lack of standing.

The conclusion in *Weingarten* is straightforward and dispositive. I cannot

improve on its language or tailor it more precisely to the issue in this case, so I will

quote:

Section 220(c) provides, in relevant part, that

> If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a stockholder or attorney or other agent acting for the stockholder pursuant to subsection (b) of this section or does not reply to the demand within 5 business days after the demand has been made, the stockholder may apply to the Court of Chancery for an order to compel such inspection. The Court of Chancery is hereby vested with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought.... Where the stockholder seeks to inspect the corporation's books and records, other than its stock ledger or list of stockholders, such stockholder shall first establish that:
>
> (1) Such stockholder *is* a stockholder;
>
> (2) Such stockholder *has* complied with this section respecting the form and manner of making demand for inspection of such documents; and
>
> (3) The inspection such stockholder seeks is for a proper purpose.
>
> Where the stockholder seeks to inspect the corporation's stock ledger or list of stockholders and establishes that such stockholder *is* a stockholder and *has* complied with this section respecting the form and manner of making demand for inspection of such documents, the burden of proof shall be upon

the corporation to establish that the inspection such stockholder seeks is for an improper purpose.

… [A] stockholder may proceed in this Court to the extent she has complied with subsection (c) of Section 220. That subsection requires a stockholder seeking records to "first establish" 1) that she "has" complied with the demand requirement of subsection (b), and 2) that she "is" a stockholder. It is the latter requirement that the Plaintiff failed to meet here.

… The language of Section 220(c) is plain and unambiguous. By requiring that a plaintiff under Section 220, to seek relief from this Court, demonstrate both that it "has"—past tense—complied with the demand requirement, and that it "is"—present tense—a stockholder, the legislature has made clear that only those who are stockholders at the time of filing have standing to invoke this Court's assistance under Section 220.

…

Because the Plaintiff cannot "first establish" that he was a stockholder at the time this action under Section 220(c) was filed, he lacks standing to proceed, and the matter must be dismissed.[13]

For the foregoing reasons, I recommend the Court grant the defendant's motion to dismiss.  This is a final report pursuant to Chancery Rule 144.

Respectfully,

*/s/ Morgan T. Zurn*

Master in Chancery

---

13 *Id.* at *4-6 (internal citations omitted).